UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARNIVAL CORPORATION | CIVIL ACTION |
| VERSUS | NO. 02-2375 c/w 02-2392 |
| TUG W.O. WATSON, ETC., ET AL | SECTION C |

**ORDER AND REASONS**

Before this Court is American Commercial Barge Line, L.L.C.'s ("ACBL") Motion for Summary Judgment against Plaintiffs Floyd Davis, Julice Davis, Derrick Johnson, and Elodie Johnson ("Plaintiffs"). (Civ. No. 02-2375, Rec. Doc. 23.) ACBL argues that summary judgment should be granted in its favor because all of Plaintiffs' claims have been discharged pursuant to its First Amended Joint Plan of Reorganization and subsequent Confirmation Order entered by the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, on December 30, 2004.

**I. Background**

Plaintiffs filed suit against ACBL on August 5, 2002 for personal injuries they alleged sustained against Carnival Cruiselines, Inc., and ACBL. (Civ. No. 02-2392, Rec. Doc. 1.) On February 10, 2003, this Court administratively closed the suit until ACBL resolved its bankruptcy proceedings. (Civ. No. 02-2375, Rec. Doc. 18.) According to ACBL, a Notice of Chapter 11 Bankrupty Case, Meeting of Credits, & deadlines was served on all potential

creditors, including Plaintiffs. (Civ. No. 02-2375, Rec. Doc. 23, Statement of Uncontested Material Facts at 2.) Plaintiffs filed initial proof of claims with the bankruptcy court, and failed to file any subsequent pleadings with the bankruptcy court thereafter. *Id.*

On September 29, 2004, ACBL, as a debtor in the bankruptcy proceeding, filed its Seventh Omnibus Objection to Certain Claims, in which it argued that the claims of Plaintiffs, listed in Exhibit A to the Seventh Omnibus Objection, were not due and owing. (Civ. No. 02-2375, Rec. Doc. 23, Ex. 1 at 1.) Also on September 29, 2004, Notice of Debtors' Seventh Omnibus Objection, and a hearing on the Objection, was sent to all claimants listed in Exhibit A, including Plaintiffs. (Civ. No. 02-2375, Rec. Doc. 23, Ex. 2.) All parties wishing to oppose the relief requested in the Objection were required to file a written response with the Clerk of the United States Bankruptcy Court on or before October 18, 2004. Paragraph 3 of the Notice states that "If no response is filed, served and received by October 18, 2004. . . the Court may enter an order disallowing, expunging, and/or reclassifying the claim as requested in the Seventh Omnibus Objection without further notice or hearing." (Civ. No. 02-2375, Rec. Doc. 23, Ex. 2 at 2.) Plaintiffs failed to file any response to the Seventh Omnibus Objection. (Civ. No. 02-2375, Rec. Doc. 23, Statement of Uncontested Material Facts at 3.); (Civ. No. 02-2375, Rec. Doc. 23, Ex. 4 at 2-4 (The bankruptcy court, in its November 24, 2004 order, listed all of the responses it received relating to Debtors' Seventh Omnibus Objection, and Plaintiffs' claims were not listed.).) On November 24, 2004, with the exception of those claimants who filed responses, the bankruptcy court ordered that "[e]ach of the tort claims listed on Exhibit A to the Seventh Omnibus Objection is expunged and disallowed for all purposes." (Civ. No. 02-2375, Rec. Doc. 23, Ex. 4 at 9-10.)

On October 19, 2004, the Debtors' First Amended Joint Plan of Reorganization ("Plan") was filed in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division. (Civ. No. 02-2375, Rec. Doc. 23, Ex. 3.) Article 6.19 of the Plan provides for the discharge of claims against the Debtors, stating "any debt that arose before the Confirmation Date. . . and all Claims and Equity Interests of any nature will on the Effective Date be released and discharged. . . Upon the Effective Date, all Claimants holding Claims against the Debtors and holders of Equity Interests in the Debtors shall be precluded from asserting against the Reorganized Debtors, or any of their assets or properties, any other or further Claims or Equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date other than obligations and commitments expressly provided for in the Plan." (Civ. No. 02-2375, Rec. Doc. 23, Ex. 3 at 30.) The bankruptcy court entered a Confirmation Order on December 30, 2004, confirming the Debtors' Plan. (Civ. No. 02-2375, Rec. Doc. 23, Ex. 5 at 20.)

The Notice of Entry of Confirmation Order, Effective Date, Fee Application Procedures ("Notice of Entry")  was entered on January 18, 2005 and provided that the effective date of the plan was January 11, 2005. (Civ. No. 02-2375, Rec. Doc. 23, Ex. 6.) The Notice states that "except as otherwise expressly provided in the confirmation order or in the plan, all holders of claims and equity interests are permanently enjoined, from and after the effective date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such claim or equity interest against the debtors." (Civ. No. 02-2375, Rec. Doc. 23, Ex. 6 at 1.)

ACBL then filed this Motion for Summary Judgment on August 15, 2005. (Civ. No. 02-2375, Rec. Doc. 23.) Plaintiffs' opposition to this motion was due on November 10, 2005. (Civ.

No. 02-2375, Rec. Doc. 24). To date, Plaintiffs have not filed an opposition to this Motion for Summary Judgment. The Court has made numerous attempts to contact Plaintiffs' counsel, Richard Garrett. Phone calls were never returned, and most recently, Mr. Garrett's phone number is no longer working and has left no forwarding phone number.

### II. Standard of Review

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*,

497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Absent such a response, a properly supported motion for summary judgment should be granted. *Eversly v. MBank Dallas, 843 F.2d 172, 174* (5th Cir. 1988). However, the mere fact that no opposition is filed does not excuse the moving party from meeting its burden on the summary judgment motion. *E.g., John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir.1985). Thus, this Court must determine whether ACBL has met its burden for summary judgment.

### III. Analysis

In its memorandum in support of its motion for summary judgment, ACBL correctly notes that Section 524 (a) of the Bankruptcy Code protects a debtor from any subsequent action by a creditor whose claim has been discharged in a bankruptcy case. *See In re Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993). 11 U.S.C. § 524(a)(2) (2006) provides that "[a] discharge in a case under this title. . . [o]perates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

It is undisputed that Plaintiffs' claims were expunged and disallowed for all purposes pursuant to the bankruptcy court's November 24, 2004 order. (Civ. No. 02-2375, Rec. Doc. 23, Ex. 4 at 9-10.) It is also undisputed that claims against ACBL that were not included in its Plan were discharged under 11 U.S.C. § 524 when the Plan became effective on January 11, 2005, pursuant to the bankruptcy court's January 18, 2005 Notice of Entry. (Civ. No. 02-2375, Rec. Doc. 23, Ex. 6 at 1.) Plaintiffs' claims were not included as part of the Plan. Thus, Plaintiffs are permanently enjoined from pursuing their personal injury claim against ACBL, and their claims

are expunged and disallowed for all purposes. ACBL has met its burden, demonstrating the absence of a genuine issue of material fact sufficient to justify summary judgment. Plaintiffs failed to respond, and therefore have failed to show the existence of a genuine issue for trial.

### IV. Conclusion

For these reasons, IT IS ORDERED American Commercial Barge Line, L.L.C.'s Motion for Summary Judgment against Plaintiffs Floyd Davis, Julice Davis, Derrick Johnson, and Elodie Johnson is GRANTED.

New Orleans, Louisiana, this 15th day of February, 2006.

Helen G. Berrigan
United States District Judge